UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IN RE:  THE GOOD SHEPHERD
HUMANE SOCIETY, INC., Debtor

Case No. 3:07-bk-71212
(Chapter 11)

BOYD BUSH
vs.
GOOD SHEPHERD HUMANE SOCIETY,
INC.

Adversary Proceeding No._____

## NOTICE OF REMOVAL

Petitioner, The Good Shepherd Humane Society, Inc. ("Good Shepherd"), by and through its attorneys, Wright, Lindsey & Jennings LLP, for its notice of removal, states as follows:

1.      Good Shepherd is the defendant in a state court civil action presently pending in the Circuit Court of Carroll County, Arkansas, bearing Case No. CV-2005-135 styled *"Boyd Bush vs. The Good Shepherd Humane Society, Inc."* (the "state court action").

2.      Copies of all pleadings filed in this state court action are attached as Exhibit "1" and incorporated herein by reference.

3.      This bankruptcy proceeding was filed on April 24, 2007, as a voluntary Chapter 11 case.  The state court action against Good Shepherd is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), § 541(a)(6) and § 541(a)(7).

4.      Good Shepherd seeks removal of the state court action on the following grounds:

730518-v1

(a)    The pleadings in the state court action by the Plaintiff against Good Shepherd relates to the purported obligation of Good Shepherd to the Plaintiff under the terms of pre-petition employment contract for services. Plaintiff alleges that Good Shepherd breached the agreement, resulting in damages to the Plaintiff.

(b)    Plaintiff has a claim in the bankruptcy proceeding based on the contract.

(c)    Plaintiff further amended his complaint to state a claim for failure of performance under the terms of a promissory note and to foreclose a mortgage of lands owned by Good Shepherd.

(d) Good Shepherd has a counterclaim against Plaintiff for failing to perform under agreement by failing to provide funds promised pursuant and related to Good Shepherd's issuance of a note to Plaintiff.

(e)    Via third party action, Good Shepherd has a claim for indemnity against Third Party Defendants for their breach of fiduciary duty. The actions of Plaintiff and Third Party Defendants amount to a fraudulent conveyance in favor of Plaintiff to the detriment of Good Shepherd.

(f)    The determination of the rights of the parties and the amount of their claims are core proceedings in bankruptcy pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), (L), and (O).

(g)    No order has been entered in the bankruptcy authorizing the Plaintiff to proceed with its state court action.

(h)    Good Shepherd cannot assert its claim against Plaintiff or its claim against Third Party Defendants in the state court action, as those claims are property of the

bankruptcy estate and vested in the Chapter 11 Trustee. The Chapter 11 Trustee is the true party in interest. Further, the Trustee has not authorized the Good Shepherd, nor its counsel in the state court proceeding, to pursue the cause of action on behalf of the Trustee. No order has been entered in the bankruptcy, authorizing such action.

(i) This Court has jurisdiction over the parties and of the claims and causes of action pending in the state court that involve the property of the bankrupt estate, as well as jurisdiction to determine the amount of Plaintiff's claim, if any, against the bankrupt estate, as well as Good Shepherd's claims.

(j) Complete relief can be given to the parties in this controversy by the Bankruptcy Court. The Bankruptcy Court is the proper forum for adjudication of all of these issues.

5. This Court has original jurisdiction of the above-referenced state court action pursuant to 28 U.S.C. § 1334 and, therefore, the state court action may be removed to this Court pursuant to 28 U.S.C. § 1452.

6. Upon removal, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), (L), and (O).

7. Petitioner is serving this Notice of Removal on all parties to the state court action by mailing to them copies of this pleading on this date, and is further filing a copy of this notice with the Clerk of the Circuit Court of Carroll County, Arkansas, Western District, pursuant to Fed. R. Bankr. P. 9027(c).

WHEREFORE, Petitioner, Good Shepherd Humane Society, Inc., provides notice that the above-referenced state court action is removed from the Circuit Court of Carroll County, Arkansas, Western District, to this Court.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: (501) 371-0808
Facsimile: (501) 376-9442
Email: ktucker@wlj.com

By _____
Kimberly Wood Tucker (83175)
C. Tad Bohannon (92089)
Attorneys for The Good Shepherd Humane
Society, Inc.

730518-v1                                        4

## CERTIFICATE OF SERVICE

On this ___ day of _____ 2007, a copy of the foregoing was served

by U.S. Mail on:

Scott P. Harrison
2928 McKee Circle, Suite 121
Fayetteville, AR  72703

Gene A. Franco
1458 Plaza Place, Suite 101
Springdale, AR  72764-5273

Ben Wulff
113 Phillips Street
Green Forest, AR  72638

Rachel Runnels
121 Spring Street
Eureka Springs, AR 72632

Jeff Conner
3398 East Huntsville Road
Fayetteville, AR 72701

C. Eric Vester
119 South 2nd Street
Rogers, AR 72756

J. Christopher Harris
224 South 2nd Street
Rogers, AR 72756

Jim Hollis, Assistant United States Trustee
200 West Capitol Avenue, Suite 1200
Little Rock, AR  72201

Stanley V. Bond
P.O. Box 1893
Fayetteville, AR  72702-1893

_____
Kimberly Wood Tucker