IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IN RE:   THE GOOD SHEPHERD                    CASE NO. 3:07-bk-71212B
         HUMANE SOCIETY, INC.                                    Chapter 11

*Debtor-in-Possession*

## UNITED STATES TRUSTEE'S MOTION
## TO DISMISS OR CONVERT TO CHAPTER 7

The United States Trustee ("UST") for Region 13, through the undersigned counsel, moves the Court to dismiss or convert the above-captioned case for cause under 11 U.S.C. § 1112(b).  This motion is filed pursuant to the UST's duties as defined in 28 U.S.C. § 586(a)(8), and in support of the motion, the UST respectfully states:

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2.      A voluntary petition under Chapter 11 of the United States Bankruptcy Code was filed on May 24, 2007.  The Debtor is a small business debtor, and this case is a small business case as defined by 11 U.S.C. § 101(51C) and (51D).

3.      The first meeting of creditors was held and concluded on June 13, 2007.

4.      The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that, absent unusual circumstances, when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate. The examples listed under § 1112(b) are not exhaustive, and the Court has broad discretion to consider other factors, including lack of good faith in filing, when

determining whether to dismiss or convert a Chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (8th Cir. BAP 2001).

5.     In this case, cause for dismissal can be established by Debtor's failure to comply with filing requirements established by the Bankruptcy Code.

6.     As a small business case, pursuant to 11 U.S.C. § 1122(e) the Debtor shall file a plan and disclosure statement not later than 300 days after the date of the order for relief.  In this instance, the deadline for the Debtor to file a plan and disclosure statement was February 18, 2007, pursuant to 11 U.S.C. § 1122(e) and pursuant to a stipulated scheduling order filed herein and approved by this Court on July 16, 2007.  The time period for filing a plan may be extended only if the Debtor provides notice and demonstrates by a preponderance of the evidence that it is more likely than not that the Court will confirm a plan within a reasonable period of time.  The order granting any reasonable extension of time for filing a plan must be signed before the existing deadline has expired.  See 11 U.S.C. §1122(e)(3)(c). To date, no plan or disclosure statement has been filed, although the Debtor filed a motion on February 5, 2008, seeking to extend the deadline, which motion and and the two objections thereto filed by creditors have been set for hearing by the Court on March 26, 2008.  No order was signed prior to February 18, 2008, extending the 300-day deadline for filing the plan and disclosure statement.

7.     The Debtor's failure to comply with the duties required of a small business case, including the failure to file its plan and disclosure statement in a timely manner, constitutes cause pursuant to 11 U.S.C. § 1112(b)(1) for dismissal or conversion as being in the best interest of creditors.

2

8.     If the case is dismissed or converted, the UST is entitled to judgment against the Debtor for the full amount of the quarterly fees owed as of dismissal.

9.     The UST requests that the following paragraph be incorporated into any order of dismissal or conversion entered herein:

> ORDERED that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this order, and simultaneously provide to the United States Trustee an appropriate Affidavit indicating the cash disbursements for the relevant period. If the fee is not paid as hereintofore set out, the United States Trustee will have judgment against the Debtor for the full amount of the quarterly fee, effective ten (10) days from the entry of this Order. And it is further ORDERED that this Court shall retain jurisdiction of this case for enforcement purposes.

WHEREFORE, the UST respectfully requests the entry of an Order dismissing this case , or, alternatively, converting the Chapter 11 case to a case under Chapter 7 conditioned upon the payment of all outstanding quarterly fees, or judgment against the Debtor for the amount of the fees; and further seeks all other proper relief to which the UST may be entitled.

Respectfully Submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

CHARLES W. TUCKER, Bar No. 79225
Assistant United States Trustee
200 West Capitol, Suite 1200
Little Rock, AR 72201-3344
PH: (501) 324-7357
Email: chuck.tucker@usdoj.gov

3

## CERTIFICATE OF SERVICE

I certify that on this 21st day of February, 2008, I have hand delivered a copy of the foregoing pleading to Ms. Kimberly Wood Tucker, Wright, Lindsey & Jennings LLP, 200 West Capitol, Suite 2300, Little Rock, AR 72201, and have mailed a copy to The Good Shepherd Humane Society, Inc., 124 West Van Buren, Eureka Springs, AR 72632.

CHARLES W. TUCKER